## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IMERYS USA, Inc.<br><br>          Plaintiffs,<br><br>     v.<br><br>THIELE KAOLIN COMPANY<br><br>          Defendants. | Civil Action No.<br>_____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Imerys USA, Inc. ("Imerys" or "Plaintiff") by its undersigned attorneys, hereby files this Complaint against Defendant Thiele Kaolin Company ("TKC" or "Defendant"), alleging as follows:

## NATURE OF THE SUIT

1.     This is an action for patent infringement under the United States Patent Statute, 35 U.S.C. §§ 1, *et seq.*, arising from Defendant's infringement of one or more claims of United States Patent Nos. 6,616,749 B1 ("the '749 patent") and 6,814,796 B2 ("the '796 patent") (collectively, "the Asserted Patents") through the use and sale of Kaowhite S ("Accused Product"). Imerys asserts that Defendant directly and/or indirectly infringe at least claim 1 of the '749 patent and at least claims 1 and 13 of the '796 patent (collectively, "the Asserted Claims").

## THE PARTIES

2.      Imerys USA, Inc. is a Delaware corporation with a principal place of business at 100 Mansell Court East, Roswell, Georgia 30076.

3. On information and belief, Thiele Kaolin Company is a Georgia corporation with a principal place of business at 520 Kaolin Drive, Sandersville, Georgia 31082.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

5.      More specifically, this action for patent infringement involves Defendants' use, sale, offer for sale, and/or importation into the United States of infringing products covered by one or more of the claims of the Asserted Patents. The Accused Product includes Kaowhite S.

6.      On information and belief, this Court has general personal jurisdiction over Imerys USA, Inc. and TKC as each resides in this district at least by virtue of maintaining a place of business in this judicial district.  Further, TKC is subject to general personal jurisdiction in this Court because TKC is incorporated in the State of Georgia.

2

7.      This Court has specific personal jurisdiction over Defendant, and venue is proper, because, on information and belief, Defendant is incorporated in the State of Georgia, does continuous and systematic business in this district by providing infringing products to residents of this judicial district, by providing infringing products that it knew would be used within this judicial district, and/or by participating in the solicitation of business from residents of this judicial district. In addition, Defendant places the Accused Product in the stream of commerce, which is directed at this judicial district, with the knowledge and/or understanding that such product will be sold, leased, or otherwise provided to customers within this judicial district. Upon information and belief, the Accused Product is provided to customers in this judicial district. Exemplary instances of Defendant's jurisdictional activities with respect to each Asserted Patent follow.

8.      On information and belief, TKC makes, offers to sell, sells, and/or imports Kaowhite S.  TKC makes known that such products are available, and indeed, the product are available, throughout the United States, including in this judicial district, by advertising and offering for sale this product on their website at http://thielekaolin.com/.

## FACTUAL BACKGROUND

9.      Imerys is a subsidiary of Imerys S.A., world leader in the production and processing of high-performance industrial minerals.

10.    Imerys S.A. and its subsidiaries and affiliates take naturally occurring minerals, such as kaolin, and process them to maximize their industrial effectiveness.  The products provided by Imerys S.A. and its subsidiaries and affiliates enhance the processability, cost-effectiveness and performance of a variety of products, including, for example, paints, inks and coatings, building and construction products, plastics, sealants and adhesives, lawn care and landscaping, health, beauty and nutrition products.  Imerys S.A. and its subsidiaries and affiliates employ teams of research scientists and industry specialists to support the development of its products.

11.    Among other activities, Imerys is engaged in the research, production, and sale of kaolin-based products within the United States.  Imerys is the assignee and sole owner of the entire right, title, and interest in of each of the '749 and '796 patents.

12.    The '749 and '796 patents generally relate to pigment products comprising kaolin, and the production and use of the pigment products in coating compositions.  These compositions may be used, for example, in the preparation of gloss-coated paper, especially lightweight and ultra light-weight coated paper.

13.    On information and belief, TKC is in the business of manufacturing and selling a broad range of industrial mineral products, including, without limitation, infringing Kaowhite S products.  According to its website, the Kaowhite

4

S product sold by TKC is an "engineered delaminated kaolin [that] is extremely versatile for LWC grades, coated freesheet and in paper for rotogravure or offset printing."

14.    Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicate that the tested TKC Kaowhite S products have physical properties falling within the ranges provided in one or more claims of each of the '749 and '796 patents.  Tests performed by Imerys in September 2016, October 2016, November 2016, January 2017, February 2017, March 2017, June 2017, and July 2017 show that samples of the tested Kaowhite S products fell within one or more of the Imerys patent claims.

15.    On information and belief, TKC has been aware of the Imerys patent portfolio, including the '749 and '796 patents, since at least November 2016.  In November 2016, Imerys informed TKC that samples of the Kaowhite S product had physical properties falling within one or more claims of the '749 and '796 patents.  The parties subsequently exchanged test data, as well as additional correspondence, relating to the Kaowhite S product and the '749 and '796 patents.

16.    As set forth in more detail below, Imerys alleges that TKC has infringed, and continues to infringe, one or more claims of each of the '749 and '796 patents by engaging in acts that constitute infringement under 35 U.S.C. § 271(a).  These infringing acts include, without limitation, making, using, offering

for sale, selling and/or importing the within the United States the Accused

Products, which embody one or more claims of the Asserted Patents.  TKC has

also infringed under 35 .S.C. § 271(b) by inducing its customers to use the

infringing Accused Products within the United States.

### COUNT I - Infringement of U.S. Patent No. 6,616,749 B1

17.    The allegations of paragraphs 1-17 above are incorporated by reference

as if fully set forth herein.

18.    The '749 patent, entitled "Pigment Products," was duly and legally

issued by the U.S. Patent and Trademark Office on September 9, 2003. Imerys is

the assignee and sole owner of all right, title, and interest in the '749 patent,

including the sole and undivided right to sue for infringement and collect damages

for past and future infringement.  A true and correct copy of the '749 patent is

attached hereto as Exhibit A.

19.    The '749 patent relates to pigment products comprising kaolin, and the

production and use of the pigment products in coating compositions.  ('749 patent

at 1:3-4.) These compositions may be used, for example, in the preparation of

gloss-coated paper, especially lightweight and ultra-light-weight coated paper.

('749 patent at 1:5-9.)

20.    The disclosure of the '749 patent describes "a pigment product suitable

for use in a coating composition to provide a gloss coating on paper," comprising

6

"a processed particulate kaolin which has a particle size distribution (psd) such that at least 80% by weight of the particles have an equivalent spherical diameter (esd) less than 2 μm and not less than 8%, preferably not less than 12% by weight, of the particles have an equivalent spherical diameter (esd) less than 0.25 μm and whose particles have a shape factor of at least 45."  (*Id*. at 2:34-43.) The '749 patent explains that a pigment product having these physical properties "unexpectedly and beneficially provides improved gloss when incorporated into coating compositions, especially including starch, for gloss paper coating applications … ."  (*Id*. at 2:44-48.)  Methods for producing pigment products are also provided.  (*See id.* at 4:18-6:45.)

21.    The '749 patent states that "shape factor" is  "a measure of an average value (on a weight average basis) of the ratio of mean particle diameter to particle thickness for a population of particles of varying size and shape as measured using the electrical conductivity method and apparatus described in GB-A-2240398/U.S. Pat. No. 5,128,606/EP-A-0528078 and using the equations derived in these patent specifications."  (*Id*. at 2:54-2:62.)

22.    Claim 1 of the '749 patent recites a "pigment product suitable for use in a coating composition to provide a gloss coating on paper," comprising a processed particulate kaolin, where:

- "at least 80% by weight of the particles have an equivalent spherical

diameter less than 2 μm,"

- "not less than 8% by weight of the particles have an equivalent spherical diameter less than 0.25 μm," and

- the particles have "a shape factor of at least 45."

23.   Claims 2 and 4 of the '749 patent depend from claim 1, and include all of its limitations.  Claim 2 recites that "at least 12% by weight of the particles of the product have an equivalent spherical diameter less than 0.25 μm."  Claim 4 recites that "from 15% to 35% by weight of the particles have an equivalent spherical diameter less than 0.25 μm."

24.   TKC infringes one or more claims of the '749 patent, either literally or under the doctrine of equivalents, by using, selling, offering to sell, and/or importing into the United States, without Imerys' license or authority, industrial minerals such as, for example, the Kaowhite S, that meet each and every element of the claims either literally or by equivalents.  For example, and without limitation, the Accused Product infringes at least claims 1, 2, 4 of the '749 patent

25.   Upon information and belief, the Accused Product is a "pigment product suitable for use in a coating composition to provide a gloss coating on paper" and comprises "a processed particulate kaolin." TKC's website states that Kaowhite S is an "engineered delaminated kaolin [that] is extremely versatile for LWC grades, coated freesheet and in paper for rotogravure or offset printing."

(Ex. C at 1.)

26.   Upon information and belief, the Accused Product comprises processed particulate kaolin that has "a particle size distribution such that at least 80% by weight of the particles have an equivalent spherical diameter less than 2 μm." A TKC "Product Specification Sheet" for Kaowhite S indicates that a minimum of 83% of the particles in the Kaowhite S product will be "finer than 2 Microns."   (Ex. D at 1.)    And testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that at least 80% by weight of the particles of the tested TKC Kaowhite S products have an equivalent spherical diameter less than 2 μm.

27.   Upon information and belief, the Accused Product comprises processed particulate kaolin that has "a particle size distribution such that … not less than 8% by weight of the particles have an equivalent spherical diameter less than 0.25 μm." Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that more than 8% by weight of the particles of the tested TKC Kaowhite S products have an equivalent spherical diameter less than 0.25 μm.

28.   Upon information and belief, the Accused Product comprises processed particulate kaolin "whose particles have a shape factor of at least 45." Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that samples of the tested TKC Kaowhite S products have a shape factor greater than 45.

29.   Upon information and belief, "at least 12% by weight of the particles of the [Accused Product] have an equivalent spherical diameter less than 0.25 μm" and "from 15% to 35% by weight of the particles [of the Accused Product] have an equivalent spherical diameter less than 0.25 μm," as recited in claims 2 and 4 of the '749 patent, respectively.  Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that more than 15% and less than 35% by weight of the particles of the tested TKC Kaowhite S products have an equivalent spherical diameter less than 0.25 μm.

30.   Upon information and belief, TKC had knowledge of the '749 patent and notice of its infringement of the '749 patent at least as early as November 2016.  Further, TKC has knowledge of the '749 patent at least as of the filing and/or service of this Complaint.

31.   Upon information and belief, since learning of the '749 patent, TKC has continued to sell infringing Kaowhite S in the United States, inducing direct infringement of at least claims 1, 2, and 4 of the '749 patent by its customers. These sales constitute infringement under 35 U.S.C. §271(b).

32.   In view of the foregoing, TKC's use, sale, offer to sell, and/or importing into the United States of Kaowhite S directly infringes at least claims 1, 2, and 4 of the '749 patent under 35 U.S.C. §§ 271(a) and 271(b).

33.   At least TKC's willful infringement of the '749 patent renders this case

an exceptional case, justifying an award to Imerys of its reasonable attorneys' fees, in accordance with 35 U.S.C. § 285.

34.    Imerys has no adequate remedy at law for TKC's acts of infringement. As a direct and proximate result of TKC's acts of infringement, Imerys has suffered and continues to suffer damages and irreparable harm. Unless TKC's acts of infringement are enjoined by this Court, Imerys will continue to be damaged and irreparably harmed.

## COUNT II - Infringement of U.S. Patent No. 6,814,796 B1

35.    The allegations of paragraphs 1-35 above are incorporated by reference as if fully set forth herein.

36.    The '796 patent, entitled "Pigment Products," was duly and legally issued by the U.S. Patent and Trademark Office on November 9, 2004. Imerys is the assignee and sole owner of all right, title, and interest in the '796 patent, including the sole and undivided right to sue for infringement and collect damages for past and future infringement.  A true and correct copy of the '796 patent is attached hereto as Exhibit B.

37.    The '796 patent relates to pigment products comprising kaolin, and the production and use of the pigment products in coating compositions.  ('796 patent at 1:9-10.) These compositions may be used, for example, in the preparation of gloss-coated paper, especially lightweight and ultra-light-weight coated paper.  (*id*.

at 1:11-15.)

38.    The disclosure of the '796 patent describes "a pigment product suitable for use in a coating composition to provide a gloss coating on paper," comprising "a processed particulate kaolin which has a particle size distribution (psd) such that at least 80% by weight of the particles have an equivalent spherical diameter (esd) less than 2 µm and not less than 8%, preferably not less than 12% by weight, of the particles have an equivalent spherical diameter (esd) less than 0.25 µm and whose particles have a shape factor of at least 45."  (*Id*. at 2:40-49.) The '796 patent explains that a pigment product having these physical properties "unexpectedly and beneficially provides improved gloss when incorporated into coating compositions, especially including starch, for gloss paper coating applications … ." (*Id*. at 2:50-54.)  Methods for producing pigment products are also provided.  (*See id*. at 4:25-6:48.)

39.    The '796 patent states that "shape factor" is  "a measure of an average value (on a weight average basis) of the ratio of mean particle diameter to particle thickness for a population of particles of varying size and shape as measured using the electrical conductivity method and apparatus described in GB-A-2240398/U.S. Pat. No. 5,128,606/EP-A-0528078 and using the equations derived in these patent specifications."  (*Id*. at 2:60-3:1.)

40.    Claim 1 of the '796 patent recites a "kaolin product comprising at least

one particulate kaolin clay" having a particle size distribution such that "at least 80% by weight of the particles have an equivalent spherical diameter less than 2 μm and a shape factor of at least 45."

41.    Claim 13 of the '796 patent, an independent claim, recites a "kaolin product comprising at least one particulate kaolin clay" having a particle size distribution such that "at least 80% by weight of the particles have an equivalent spherical diameter less than 2 μm and not less than 8% by weight of the particles have an equivalent spherical diameter less than 0.25 μm and a shape factor of at least 45."

42.    Dependent claims 2 and 14, which depend from claims 1 and 13, respectively, recite that "the product is a pigment product."  Claim 3, which depends from claim 1, recites that "not less than 8% by weight of the particles have an equivalent spherical diameter less than 0.25 μm."  Dependent claims 4 and 15 recite that "at least 12% by weight of the particles of the product have an equivalent spherical diameter less than 0.25 μm."  And dependent claims 6 and 17 recite that "from 15% to 35% by weight of the particles have an equivalent spherical diameter less than 0.25 μm."

43.    TKC infringes one or more claims of the '796 patent, either literally or under the doctrine of equivalents, by using, selling, offering to sell, and/or importing into the United States, without Imerys' license or authority, industrial

13

minerals such as, for example, Kaowhite S, that meet each and every element of the claims either literally or by equivalents.  For example, and without limitation, the Accused Product infringes at least claims 1-4, 6, 13-15, and 17 of the '796 Patent.

44.    Upon information and belief, the Accused Product is a "kaolin product comprising at least one particulate kaolin clay," as recited in claims 1 and 13 of the '796 patent. TKC's website, for example, states that Kaowhite S is an "engineered delaminated kaolin."  (Ex. C at 1.)

45.    Upon information and belief, the Accused Product comprises processed particulate kaolin that has "a particle size distribution such that at least 80% by weight of the particles have an equivalent spherical diameter less than 2 µm," as recited in claims 1 and 13 of the '796 patent.  A TKC "Product Specification Sheet" for Kaowhite S indicates that a minimum of 83% of the particles in the Kaowhite S product will be "finer than 2 Microns."   (Ex. D at 1.) And testing of Kaowhite S products TKC sold to Imerys in 2016 and 2107 indicates that at least 80% by weight of the particles of the tested TKC Kaowhite S products have equivalent spherical diameter less than 2 µm.

46.    Upon information and belief, the Accused Product comprises processed particulate kaolin "whose particles have a shape factor of at least 45," as recited in claims 1 and 13 of the '796 patent.  Testing of Kaowhite S products TKC

14

sold to Imerys in 2016 and 2017 indicates that samples of the tested TKC Kaowhite S products have a shape factor greater than 45.

47.    Upon information and belief, the Accused Product comprises processed particulate kaolin that has "a particle size distribution such that … not less than 8% by weight of the particles have an equivalent spherical diameter less than 0.25 μm," as recited in claims 3 and 13 of the '796 patent. Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that more than 8% by weight of the particles of the tested TKC Kaowhite S products have an equivalent spherical diameter less than 0.25 μm.

48.    Upon information and belief, "at least 12% by weight of the particles of the [Accused Product] have an equivalent spherical diameter less than 0.25 μm" and "from 15% to 35% by weight of the particles [of the Accused Product] have an equivalent spherical diameter less than 0.25 μm," as recited in claims 4 and 15 and 5 and 17 of the '796 patent, respectively.  Testing of Kaowhite S products TKC sold to Imerys in 2016 and 2017 indicates that more than 15% and less than 35% by weight of the particles of the tested TKC Kaowhite S products have an equivalent spherical diameter less than 0.25 μm.

49.    Upon information and belief, TKC had knowledge of the '796 patent and notice of its infringement of the '796 patent at least as early as November 2016.  Further, TKC has knowledge of the '796 patent at least as of the filing

15

and/or service of this Complaint.

50.    Upon information and belief, since learning of the '796 patent, TKC has continued to sell infringing Kaowhite S in the United States, inducing direct infringement of at least claims 1-4, 6, 13-15, and 17 of the '796 Patent by its customers.  These sales constitute infringement under 35 U.S.C. §271(b).

51.    In view of the foregoing, TKC's use, sale, offer to sell, and/or importing into the United States of Kaowhite S directly infringes at least claims 1-4, 6, 13-15, and 17 of the '796 patent under 35 U.S.C. §§ 271(a) and 271(b).

52.    At least TKC's willful infringement of the '796 patent renders this case an exceptional case, justifying an award to Imerys of its reasonable attorneys' fees, in accordance with 35 U.S.C. § 285.

53.    Imerys has no adequate remedy at law for TKC's acts of infringement. As a direct and proximate result of TKC's acts of infringement, Imerys has suffered and continues to suffer damages and irreparable harm. Unless TKC's acts of infringement are enjoined by this Court, Imerys will continue to be damaged and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and award it relief including, but not limited to, the following:

A.    A judgment that the Defendant has infringed the Asserted Patents;

16

B.      A judgment and order that permanently restrains and enjoins the Defendant, its directors, officers, employees, servants, agents, affiliates, subsidiaries, or others controlled by them, and all persons in active concert or participation with any of them, from further infringing the Asserted Patents in accordance with 35 U.S.C. § 283;

C.      A judgment and order that requires the Defendant to pay damages to Plaintiff adequate to compensate Plaintiff for Defendant's wrongful infringing acts, in accordance with 35 U.S.C. §§ 154(d), 284;

D.      A judgment and order that requires the Defendant to pay increased damages up to three times, in view of its willful and deliberate infringement of the Asserted Patents, in accordance with 35 U.S.C. § 284;

E.      A finding in favor of Plaintiff that this is an exceptional case under 35 U.S.C. § 285, and an award to Plaintiff of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

F.      A judgment and order that require the Defendant to pay to Plaintiff pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

G.      Such other costs and further relief to which Plaintiff is entitled.

## <u>JURY DEMAND</u>

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury of all issues so triable by a jury in this action.

Dated: August 24, 2017                    Respectfully submitted,

*/s/Virginia Carron*

Virginia Carron
Georgia Bar No. 112770
FINNEGAN, HENDERSON,
  FARABOW, GARRETT & DUNNER,
  LLP
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400
(404) 653-6444 (fax)
*virginia.carron@finnegan.com*

Of Counsel:

Jeffrey Totten
FINNEGAN, HENDERSON,
  FARABOW, GARRETT & DUNNER,
  LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
*jeffrey.totten@finnegan.com*

Attorneys for Plaintiff Imerys USA, Inc.